**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JOSEPH RANDALL GARRISON,**

        **Plaintiff,**

   v.                **CASE NO. 21-3188-SAC**

**ANDREW DEDEKE, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

  Plaintiff Joseph William Garrison filed this pro se civil action pursuant to 42 U.S.C. § 1983 based on events that occurred while he was a pretrial detainee at Leavenworth County Jail (LCJ) in 2021. He alleges that LCJ staff refused to give him mental health medications that a doctor had prescribed him before his arrest and incarceration. The Court has identified several deficiencies in the complaint, which are set forth below and which leave the complaint subject to dismissal in its entirety. The Court will therefore direct Plaintiff to show-cause why this matter should not be dismissed.

**I. Nature of the Matter before the Court**

  Plaintiff names as defendants Leavenworth County Sheriff Andrew Dedeke, Jail Commander Lieutenant Eric Thorne, head LCJ nurse Mellissa Wardrop[1], the LCJ, and the Leavenworth County Sheriff's

---

[1] The Court notes that in the complaint, Plaintiff mistakenly spelled Defendant Wardrop's name as "Malessa." LCJ has submitted a sworn declaration from Ms.

1

Department. As the factual background for this complaint, Plaintiff alleges that on June 1, 2021, he was arrested and taken to LCJ. Upon arrival, he informed jail staff that he suffered from mental illness, for which he took medication that had been prescribed by his doctor. The medications in question were in Plaintiff's property, so became under the control of the LCJ. Despite Plaintiff's requests, Defendant Wardrop and jail staff refused to give Plaintiff the medications.

In Count I, Plaintiff asserts a general complaint that Defendants Wardrop, Thorne, and Dedeke have violated LCJ inmates' constitutional rights "for several years" by denying them mental health services and medical care. In Count II, Plaintiff alleges the violation of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution by denying him his prescribed mental health medications for at least 60 days, impairing his ability to fully understand the criminal proceedings against him that was ongoing at the time. In Count III, Plaintiff asserts claims of slander, libel, defamation, and discrimination based on the rudeness of LCJ staff in responding to his requests and grievances. As relief, Plaintiff seeks compensatory damages of $1,000,000.

**II. Screening Standards**

---

Wardrop, who spells her name "Mellissa." (Doc. 14-1.)

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). When conducting this screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). As noted above, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory

3

allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

**III. Discussion**

   **a. Damages**

This matter is subject to dismissal because the sole relief Plaintiff seeks is $1,000,000 in "compensation relief" for his "pain and suffering, mental cruelty, and unusual punishment without due process of the law and equal protection of law." (Doc. 1, p. 5.)

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This statute applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). Plaintiff has not described any physical injury that was caused by the alleged deprivations of his constitutional rights. Thus, this matter is subject to dismissal, as he has failed to allege facts that could support a claim for the sole relief he requests.

### b. Defendants

#### i. The LCJ

This action is subject to dismissal as against Defendant LCJ because it is not a "person" suable under § 1983. Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will*, 491 U.S. at 66, 71 (neither state nor state agency is a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 Fed. Appx. 406, 408 (10th Cir. 2005).

#### ii. The Leavenworth County Sheriff's Department

This action also is subject to dismissal as against Defendant Leavenworth County Sheriff's Department. To impose § 1983 liability on the county and its officials for acts taken by its employee,

5

Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *See Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998)(citing *see Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-86 (1989). Plaintiff has pointed to no policy or deficiency in the training program used by the Leavenworth County Sheriff's Department. Thus, he has failed to allege facts supporting a § 1983 claim against the Leavenworth County Sheriff's Department.

### iii. Defendants Dedeke and Thorne

This matter is subject to dismissal as against Defendants Dedeke and Thorne. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is

6

inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Rather, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

The complaint appears to allege that Defendants Dedeke and Thorne denied Plaintiff's grievances and requests for medications.[2] But an allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation as required for a claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Thus, Plaintiff has failed to allege facts supporting a § 1983 claim against Defendants Dedeke or Thorne.

   **c. Failure to State a Claim**

      **i. Count I**

---

[2] The allegations against these Defendants made in Count I are not considered here, as Count I is subject to dismissal for failure to state a claim for the reasons explained above.

Count I is subject to dismissal for failure to state a claim on which relief can be granted. Even liberally construing the complaint, Count I is based upon "several years" of alleged misconduct and unprofessional actions, namely "denying proper medical care and mental health program services." (Doc. 1, p. 3.) Plaintiff asks the Court to "review exhibits, record of suicides at facility as well as complaints against jail staff." *Id*. Even liberally construed, Count I appeals to be based on alleged violations of other inmates' rights.[3] But it is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *See Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 2999). To have standing to bring a claim under § 1983, a prisoner must allege "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993). Because Count I does not do so, it is subject to dismissal.

### ii. Count II

Count II also is subject to dismissal for failure to state a claim on which relief can be granted. Liberally construed, Count II appears to raise a claim that the denial of his medication violated his rights under the Fourteenth Amendment. Under the due process

---

[3] The alleged violation of Plaintiff's personal rights by the refusal to give him medication is specifically asserted as Count II of the complaint.

8

clause of the Fourteenth Amendment, a pretrial detainee is "entitled to the degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment. *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985). The Tenth Circuit applies the same standard of deliberate indifference to medical needs to claims brought under the Eighth Amendment by convicted prisoners and the Fourteenth Amendment by pretrial detainees. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." *Smith v. Allbaugh*, 987 F.3d 906, 910 (10th Cir. 2021) (internal quotation marks and citations omitted).

An inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components, one objective and one subjective. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A

9

serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)).

In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Martinez*, 430 F.3d at 1305. Moreover, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. See *Estelle*, 429 U.S. at 106–07. The prisoner's right is to medical care-not to the type or scope of medical care he personally desires. A difference of opinion between a physician and a patient or even between two medical providers does not give rise to a constitutional right or sustain a claim under § 1983. *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).

Plaintiff's claim in Count II of the denial of medical care is subject to dismissal for failure to state a claim. Even liberally construing the complaint, taking all facts alleged therein as true,

and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not alleged facts that support a plausible conclusion that Defendant Wardrop was aware of facts from which she could have drawn the inference that denying Plaintiff his mental health medication would pose a substantial risk of serious harm. Nor has he alleged facts that support a plausible conclusion that Defendant Wardrop did in fact draw that inference and disregard the risk. Because Plaintiff has not alleged sufficient facts to support the subjective portion of a claim of unconstitutional denial of medical care, Count II is subject to dismissal.

### iii. Count III

Count III also is subject to dismissal for failure to state a claim on which relief can be granted. As noted above, to state a claim under § 1983, Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States." Count III alleges slander, libel, defamation, and discrimination. (Doc. 1, p. 4.) Defamation, slander, and libel are not federal constitutional violations. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Paul v. Davis*, 424 U.S. 693, 708-09 (1976), for the "holding that injury to reputation by itself [is] not a 'liberty' interest protected under the Fourteenth Amendment"). Plaintiff's board claim of "discrimination" fails because it is too conclusory and vague and does not give fair notice of the basis for his claim. *See Armour v. Universal Protection Services*, 724 Fed. Appx. 663,

11

665 (10th Cir. 2018) (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)). Although some of the responses Plaintiff received to his requests for medication may have been unprofessional and even rude, they do not implicate his federal constitutional rights.

**IV.   Conclusion**

For the reasons stated above, the complaint is subject to dismissal in its entirety. The Court will grant Plaintiff the opportunity to submit an amended complaint that cures the deficiencies identified in this order. The amended complaint must be submitted upon court-approved forms and Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff is cautioned that an amended complaint is not an addendum or supplement to the original complaint. Rather, an amended complaint completely replaces the earlier complaint and any claims or allegations not presented in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer to an earlier pleading. The amended complaint must contain all allegations and claims that Plaintiff intends to present in this action, including those in the original complaint. He must name all defendants in the caption of the complaint *and* he must allege in the body of the complaint specific facts describing each defendant's alleged violation of his constitutional or federal statutory

rights, including dates, locations, and circumstances. The failure to timely submit an amended complaint that cures the deficiencies stated herein will result in the dismissal of this matter without further notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including May 16, 2022, to submit a complete and proper amended complaint as directed. The clerk is directed to send 1983 forms and instructions to Plaintiff. The failure to timely file an amended complaint will result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED: This 15th day of April, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge